J-S68034-18

2018 PA Super 326

| | | |
|---|---|---|
| IN RE: APPEAL OF DISTRICT ATTORNEY'S DENIAL OF PRIVATE CRIMINAL COMPLAINT OF CHARYN HAMELLY AGAINST DEFENDANT CHERRY LYNNE POTEET | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHARYN HAMELLY | : : : : : | No. 631 WDA 2018 |

Appeal from the Order Entered March 29, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-MD-0000012-2018

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    FILED NOVEMBER 30, 2018

Appellant Charyn Hamelly appeals from the trial court's order denying her petition for review of the Commonwealth's disapproval of her private criminal complaint against Cherry Lynne Poteet, Esquire.   After a careful review, we affirm.

The trial court has adequately set forth the relevant facts and procedural history, in part, as follows:

[Appellant] filed private criminal complaints against her daughter, Anna Santangelo, her daughter's husband, Michael Santangelo, and the couple's attorney, [Attorney] Poteet, on November 13, 2017.  The complaints allege that [Mr. and Mrs. Santangelo and Attorney Poteet] conspired to disclose statements, made by [Appellant] and recorded without her consent, in violation of the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S.A. §§ 5701-5782.  Mr. and Mrs. Santangelo disclosed the recordings to the Pennsylvania State Police on July 11, 2016, and the State Police filed criminal complaints against [Appellant] and her husband,

_____
*   Former Justice specially assigned to the Superior Court.

Michael Hamelly. Mr. and Mrs. Santangelo subsequently filed a civil action, with the assistance of Attorney Poteet, against [Appellant] and Mr. Hamelly in the Civil Division of [the trial] court[.] The civil complaint avers statements made by [Appellant] during the recorded conversations.

The private criminal complaints address two recordings: the first taken by Mrs. Santangelo at [Appellant's] home in Mercer, Pennsylvania, on July 7, 2016, and the second taken by Mr. and Mrs. Santangelo at their home in Boardman, Ohio, on July 10, 2016....[T]he alleged substance of the conversations are apparent from the civil complaint, submitted by [Appellant] as an exhibit to her [petitions for review]. Mr. and Mrs. Santangelo aver that Mrs. Santangelo was sexually abused by Mr. Hamelly as a teenager. They further allege that [Appellant] took no action to stop this abuse despite having knowledge of the abuse. The recordings allegedly contain [Appellant] and Mr. Hamelly's admissions to the conduct averred in the complaint.

After reviewing [Appellant's] private criminal complaints, First Assistant District Attorney P. Brian Farrone, Esq., sent [Appellant] a letter stating that her complaints had been disapproved by the District Attorney's Office[.] This letter contained no explanation for the disapproval. [Appellant then filed petitions for review with the trial court pursuant to Pa.R.Crim.P. 506.] [The trial] court ordered the Commonwealth to file a response to the [p]etitions that identified the reasons for which [Appellant's] complaints were disapproved, pursuant to Pa.R.Crim.P. 506(B)(2). With regard to Mrs. Santangelo, ADA Farrone stated:

> The Office of the District Attorney of Mercer County has determined that it is not in the best interest of justice to prosecute individuals for crimes, which are related to the crime of which they are a victim, unless the alleged crime is determined to be more serious in nature or consequence than the crime of which they are the victim.

[ADA Farrone's] Resp. at ¶ 10. With regard to Mr. Santangelo and Attorney Poteet, ADA Farrone identified a lack of facts sufficient to establish probable cause to prosecute [them]. [Specifically, as to Attorney Poteet, ADA Farrone indicated Appellant's complaint alleged insufficient facts to establish probable cause to believe that Attorney Poteet had committed an offense under 18 Pa.C.S.A. § 5703 or an associated inchoate offense.]

Trial Court Opinion, filed 3/29/18, at 2-3 (citations to record omitted).

By order entered on March 29, 2018, the trial court affirmed ADA Farrone's disapproval of the private criminal complaints as to Mr. and Mrs. Santangelo, as well as Attorney Poteet, and denied Appellant's petition for review. Thereafter, Appellant filed a timely notice of appeal solely from the trial court's order pertaining to Attorney Poteet.[1] All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant claims the trial court erred in affirming ADA Farrone's disapproval of the private criminal complaint as to Attorney Poteet. Specifically, Appellant contends her complaint presents a prima facie case that Attorney Poteet violated 18 Pa.C.S.A. § 5703 and/or 18 Pa.C.S.A. § 903.

Appellate examination of a trial court's review of a district attorney's decision to disapprove a private criminal complaint is as follows:

> [W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes de novo review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary.

_____

[1] Appellant's petition for review as to Attorney Poteet was docketed in the trial court at 12 M.D. 2018; her petition for review as to Mrs. Santangelo was docketed at 13 M.D. 2018; and her petition for review as to Mr. Santangelo was docketed at 14 M.D. 2018. In her notice of appeal, Appellant listed solely trial court docket number 12 M.D. 2018, and her appellate issues are limited to the trial court affirming ADA Farrone's disapproval of the private criminal complaint as to Attorney Poteet. Thus, we shall confine our analysis accordingly.

* * *

[W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

In re Ullman, 995 A.2d 1207, 1213 (Pa.Super. 2010) (quoting In re Private Criminal Complaint of Wilson, 879 A.2d 199, 214–15 (Pa.Super. 2005) (en banc) (internal citations omitted)).

"A private criminal complaint must at the outset set forth a prima facie case of criminal conduct." In re Ullman, 995 A.2d at 1213. Nevertheless, "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." Id. (quoting In re Private Criminal Complaint of Adams, 764 A.2d 577, 580 (Pa.Super. 2000)). The district attorney must investigate the allegations of a properly drafted complaint to permit a proper decision on whether to approve or disapprove the complaint. In re Ullman, 995 A.2d at 1213. "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments." Id. (quoting Commonwealth v. Muroski, 506 A.2d 1312, 1317 (Pa.Super. 1986) (en banc)). Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions. In re Ullman, 995 A.2d at 1213.

[Moreover,] even if the facts recited in the complaint make out a prima facie case, the district attorney cannot blindly bring

charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a prima facie case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

In re Miles, 170 A.3d 530, 535 (Pa.Super. 2017) (quotation omitted).

Here, Appellant averred in her private criminal complaint that Attorney Poteet violated 18 Pa.C.S.A. § 5703, which provides the following:

> **§ 5703. Interception, disclosure or use of wire, electronic or oral communications**
>
> Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:
>
> (1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication;
>
> (2) intentionally discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or
>
> (3) intentionally uses or endeavors to use the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

18 Pa.C.S.A. § 5703 (bold in original).

Appellant also averred in her private criminal complaint that Attorney Poteet violated 18 Pa.C.S.A. § 903, which provides, in relevant part, the following:

§ 903 Criminal conspiracy

(a) Definition of conspiracy.--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903 (bold in original).

Specifically, Appellant averred that Attorney Poteet committed a crime under Section 5703 and/or Section 903 by (1) advising or conspiring with Mrs. Santangelo to record conversations Mrs. Santangelo had with Appellant without Appellant's knowledge and (2) disclosing the content of these conversations in a complaint filed in a civil action against Appellant.

In the case sub judice, ADA Farrone disapproved Appellant's private criminal complaint as to Attorney Poteet on the basis there was insufficient probable cause to support Appellant's averments. This constituted a legal conclusion, for which our standard of review is de novo and our scope of review is plenary. See Muroski, 506 A.2d at 1319 ("When a district attorney receives a private criminal complaint, the issue of whether the complaint states probable cause is a pure issue of law[.]"). See also In re Ullman, supra (setting forth our standard and scope of review).

As it relates to Appellant's averment that Attorney Poteet advised Mrs. Santangelo to record the conversations, we conclude the trial court did not err

in finding there was insufficient probable cause or factual evidence supporting Appellant's assertion. For instance, in the civil deposition testimony given by Mrs. Santangelo,[2] which Appellant attached to her petition for review, Mrs. Santangelo testified she decided on her own, and without suggestion from anyone else, to record the conversations with Appellant. Exhibit I, Mrs. Santangelo's deposition, 1/30/17, at 71. Further, she testified that, prior to recording the conversations, she had not "consulted with an attorney" or "talked to any lawyers[.]" Id. at 80, 86.

Moreover, ADA Farrone testified as follows at the hearing on Appellant's petition for review:

> Q: Did you also review the complaint against—the attempted complaint against [Attorney] Poteet[?]
>
> A: I did.
>
> Q: Did you deny th[at] complaint[] as well?
>
> A: I did.
>
> Q: What was the basis for denying th[e] complaint?
>
> A:…It was not a policy consideration. It was basically that after review of the facts alleged and some of the information alleged in the petition was in direct conflict with the attached deposition. I just did not believe there was sufficient evidence to support probable cause of criminal misdoing by [Attorney Poteet].

N.T., 2/26/18, at 16.

_____

[2] Mrs. Santangelo gave the deposition in the civil action, which she filed against Appellant and Mr. Hamelly.

Thus, applying our standard of review, we hold the trial court did not err in concluding there was insufficient probable cause as it relates to Appellant's assertion that Attorney Poteet advised or conspired with Mrs. Santangelo to record the subject conversations. See In re Ullman, supra.

Moreover, we conclude the trial court did not err as it relates to Appellant's averment that Attorney Poteet violated or conspired to violate Section 5703 by disclosing the contents of the recorded conversations in a civil complaint, which was filed by Mrs. Santangelo against Appellant. Generally, the Wiretap Act "prohibits the interception, disclosure, or use of any wire, electronic or oral communication." Commonwealth v. Deck, 954 A.2d 603, 607 (Pa.Super. 2008) (citing 18 Pa.C.S.A. § 5703). However, as the trial court indicated, in 18 Pa.C.S.A. § 5704, the Wiretap Act provides for exceptions to Section 5703's prohibitions and allows for the interception of a wire, electronic or oral communication in designated circumstances. Deck, 954 A.2d at 607.

Pertinent to this case, Subsection 5704(17) provides an exception for victims to intercept communications when they have reasonable suspicion that the intercepted party is committing, about to commit, or has committed a crime of violence, and there is reason to believe that evidence of the crime of violence may be obtained from the interception. 18 Pa.C.S.A. § 5704(17). Further, the term "crime of violence" includes various sexual offenses as well

as conspiracy to commit such offenses.  18 Pa.C.S.A. § 5702.  Accordingly, as the trial court reasoned:

> [The court] finds no probable cause exists to believe that Mrs. Santangelo did not have reasonable suspicion that both [Appellant] and Mr. Hammelly had committed crimes of violence against her, or conspired to do so, and that evidence of such crimes would likely be obtained from the recording of these conversations.  Therefore, neither she nor her alleged co-conspirator,…Attorney Poteet, committed any violation of the Wiretap Act by disclosing these recordings.  Accordingly, the Commonwealth correctly determined that no probable cause existed to prosecute these private criminal complaints.

Trial Court Opinion, filed 3/29/18, at 6-7 (footnote omitted).

We conclude the trial court did not err, and, thus, we affirm.[3]  See In re Ullman, supra.

For all of the foregoing reasons, we affirm the trial court's denial of Appellant's petition for review of the Commonwealth's disapproval of her private criminal complaint as to Attorney Poteet.

Affirmed.

_____

[3] We note ADA Farrone offered alternate legal arguments regarding the application of the Wiretap Act, including the argument that the Wiretap Act is not applicable to communications intercepted in Ohio, as was the case with the July 10, 2016, recording.  However, in light of our discussion supra, we need not address ADA Farrone's alternate arguments.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018