J-S27023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY GARDNER MECHELLI | : | |
| | : | |
| Appellant | : | No. 1460 WDA 2018 |

Appeal from the Order Dated August 29, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-MD-0004022-2018

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                           **FILED JUNE 21, 2019**

Mary Gardner Mechelli appeals, *pro se*, from the order dated August 29, 2018, and filed on October 1, 2018, denying her motion for reconsideration of the Commonwealth's decision not to approve a private criminal complaint. On appeal, she contends the trial court failed to consider the underlying basis for the Commonwealth's disapproval of her complaint, and requests a remand for further proceedings. For the reasons below, we affirm.

The sparse record in this case reveals the following facts. On August 7, 2018, Mechelli filed the following motion for reconsideration in the Allegheny County Court of Common Pleas:

> This motion is to request reconsideration from the court to file criminal charges against Connie Rosenbayger for directing employees to breaking (sic) down my kitchen door without my knowledge, consent or authorization on my property located at: 900 Josephine Street, East Mckeesport, Pa. 15035.

_____
* Retired Senior Judge assigned to the Superior Court.

> There is no state law that demands asbestos inspections are required for residential homes.

Motion for Reconsideration, 8/7/2018. The trial court scheduled a hearing for August 29, 2018. At the hearing, Mechelli requested criminal charges be filed against Rosenbayger, an employee of East McKeesport. *See* N.T., 8/29/2018, at 2.[1] The attorney for the Commonwealth explained to the court:

> [W]hat occurred was that the employees of the borough broke in a back door at the residence in order to do an asbestos inspection because the house has been condemned and they are going to tear it down. …

> So there is no crime. The property has been condemned by the borough.

*Id.* at 3. Although Mechelli disputed this fact, and stated she had "several buyers" for the property, the Commonwealth's attorney assured the court that the solicitor for the borough had confirmed "the property has, in fact, been condemned, and they are in the process of tearing the house down." *Id.* at 3-4. The trial court stated the matter should not be before the court, but rather before the magistrate, and concluded the hearing.[2] The court entered

_____

[1] Although the trial court states in its opinion that Mechelli did not order a transcript of the hearing, the transcript is included in the certified record on appeal. *See* Trial Court Opinion, 1/3/2019, at 3 n.2. We note the transcript was filed on January 8, 2019, after the court issued its opinion.

[2] The private criminal complaint Mechelli presented to the Office of the District Attorney was not introduced into evidence, and is not included in the certified record. While Mechelli did include a copy of the complaint questionnaire in the reproduced record, that is of no moment. "We have repeatedly held that our review is limited to those facts which are contained in the certified record" and a document that is not included in the certified record "does not exist for

an order that same day denying Mechelli's motion. This timely appeal followed.[3]

Mechelli's sole claim on appeal is that the trial court failed to properly review the Commonwealth's disapproval of her request for a private criminal complaint. She argues the court failed to determine the Commonwealth's reasons for denying her complaint, "and, instead, announced [its] denial from the bench on the basis of jurisdiction." Mechelli's Brief at 9. She further maintains the court improperly concluded that she "did not first present her allegations to the Commonwealth through the forms available at the magisterial district court office," when, in fact, she had done so. *Id.* at 10. More importantly, however, Mechelli insists the court "failed to give [her] request any [] thoughtful consideration," but rather, summarily denied her motion "upon the incorrect assumption that she had made a procedural mistake." *Id.*

The filing of a private criminal complaint is governed by Pennsylvania Rule of Criminal Procedure 506. The Rule provides, in pertinent part:

_____

purposes of our review." ***Commonwealth v. O'Black***, 897 A.2d 1234, 1240 (Pa. Super. 2006).

[3] We note the court did not file the order until October 1, 2018; accordingly, Mechelli's notice of appeal, filed on October 12, 2018, was timely. Thereafter, on November 20, 2018, the trial court ordered Mechelli to file a concise statement of errors complained of on appeal no later than January 1, 2019. Mechelli complied with the court's directive, and filed a concise statement on January 2, 2019. ***See*** 1 Pa.C.S. 1908 (when the last day of a period of time falls on a legal holiday, that day is omitted from computation).

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

…

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A), (B)(2).

Review of a prosecutor's decision to disapprove a private criminal complaint is as follows:

[W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

* * *

[W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Hamelly*, 200 A.3d 97, 101 (Pa. Super. 2018) (quotation omitted).

"Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters." *In re Wilson*, 879 A.2d 199, 215 (Pa. Super. 2005) (*en banc*).

Moreover, "a private criminal complainant is not entitled to an evidentiary hearing regarding the trial court's review of the Commonwealth's decision." **Braman v. Corbett**, 19 A.3d 1151, 1160 (Pa. Super. 2011). Rather, "Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision." **Wilson**, **supra**, 879 A.2d at 213.

With this background in mind, we proceed to an examination of Mechelli's claim. The trial court dismissed Mechelli's motion for two reasons: (1) it determined it was "without jurisdiction to act upon a request for the filing of a criminal complaint when that request was not first presented to the Office of the District Attorney[;]" and (2) the motion "set forth no facts that would warrant the filing of any criminal charges." Trial Court Opinion, 1/31/2019, at 5. Mechelli first contends the court's jurisdictional ruling was erroneous. She insists that if the court took the time to listen to her, or inquired of the Commonwealth's attorney whether she had followed proper procedure, the court would have learned that she did so. **See** Mechelli's Brief at 10.

As noted *supra*, Mechelli included a copy of her application for a private criminal complaint, with the reasons for the Commonwealth's disapproval thereof, in the reproduced record. However, that document was not presented to the trial court, and is not included in the certified record. Accordingly, for our purposes, it does not exist. **See O'Black**, **supra**. Without evidence that

Mechelli presented an application for a private criminal complaint to the Office of the District Attorney, and proof her request was denied, the trial court reasonably determined it lacked jurisdiction to consider her motion.

Nevertheless, our review of the brief hearing transcript reveals no objection by the Commonwealth to the procedural posture of the motion. Rather, the Commonwealth commented only on the underlying basis of Mechelli's complaint. *See* N.T., 8/29/2018, at 3-4. While we recognize it was Mechelli's burden to ensure all relevant documents were before the court, and made part of the certified record, we acknowledge that the hearing was very brief and the court did appear to cut off Mechelli when she tried to explain the procedural steps she had taken prior to the hearing. *See id.* at 4-5. Accordingly, we decline to affirm on this basis.

Nevertheless, in its opinion, the trial court also found that Mechelli failed to set forth sufficient facts that would warrant the filing of criminal charges.[4] The court explained that it was aware of proceedings in the summary appeals branch of the civil division of the Allegheny County Court of Common Pleas which involved Mechelli's efforts to appeal the condemnation of the property at issue. The court summarized those proceedings as follows:

> In that action [No. SA 14-882], the Borough of East McKeesport determined that the property was a public nuisance and ordered its demolition. [Mechelli's] appeal was dismissed by the Honorable Timothy Patrick O'Reilly, S.J. on April 29, 2015.

---

[4] *See Commonwealth v. Venable*, 200 A.3d 490, 500 n.6 ("We may affirm on any basis.").

> Although [Mechelli] appealed to the Commonwealth Court, her appeal was dismissed by order dated June 10, 2016 because she failed to file a proper brief.
>
> Upon remand, [Mechelli] again sought to stay the demolition of the property and, when this request was denied by Judge O'Reilly, once again filed an appeal to the Commonwealth Court. That Court affirmed Judge O'Reilly in a Memorandum Opinion filed January 3, 2018. [**See Borough of East McKeesport v. Grove**, 2018 WL 264939 (Pa. Commw. 2018)] When the matter was remanded again, [Mechelli] presented a "Motion Request for Temporary Injunction" to the Honorable Joseph M. James who denied it by Order dated February 22, 2018. That litigation ended at that time.
>
> From reviewing the pleadings in that matter, this Court learned that Connie Rosenbayger is, in fact, the administrator of the Borough of East McKeesport. Thus, it appears this matter is but a continuation of [Mechelli's] dispute with the Borough of East McKeesport over her property at 900 Josephine Street in that borough or, more likely, an attempt to cynically use the criminal justice system to strike back at a representative of the Borough of East McKeesport. That will not be permitted.

Trial Court Opinion, 1/3/2019, at 3-4.

As noted above, both the trial court, and subsequently this Court, reviews a prosecutor's dismissal of a private criminal complaint differently depending upon the reason for the Commonwealth's disapproval of the complaint. **See Hamelly**, **supra**. In this case, the Commonwealth contends the prosecutor's reason for disapproving the complaint – that the case "lacks prosecutorial merit because there is insufficient evidence to sustain a conviction of the proposed charges" – is a matter of policy, subject to review for an abuse of discretion. Commonwealth's Brief at 10. Although the trial court did not explicitly state its standard of review, its opinion reads like a *de novo* consideration of the underlying basis for the requested charge.

Based upon the prosecutor's comments at the August 29th hearing, we find the Commonwealth disapproved Mechelli's proposed complaint on the basis of its legal conclusion that Mechelli provided no evidence of a crime. Indeed, at the time the borough employees purportedly "broke in" her home, the property had been condemned by the borough. N.T., 8/29/2018, at 3. Accordingly, the prosecutor concluded, "there is no crime." *Id.* The trial court then undertook a *de novo* review of the allegations, and determined the condemnation of Mechelli's property was upheld on appeal. *See* Trial Court Opinion, 1/3/2019, at 3-4. Accordingly, the court found Mechelli was entitled to no relief. We agree. Mechelli provides this Court with no caselaw, regulations, or other authority, which precludes borough authorities from forcibly entering a condemned home to conduct an asbestos inspection prior to demolition. As the trial court stated in its opinion, this appeal appears to be yet another attempt by Mechelli to delay the condemnation of her property in East McKeesport Borough.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2019