J-A14033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: KASHIF ROBERTSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1020 MDA 2021 |

Appeal from the Order Entered July 14, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0000954-2021

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 25, 2022**

Kashif Robertson appeals ***pro se*** from the July 14, 2021 order denying his petition for review of the disapproval of his private criminal complaint. After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> On February 2, 2019, Appellant was pulled over for a window tint violation. Officer Chad McGowan testified that he believed the light transmission reading was 17% on scene. This reading was included in his criminal complaint but omitted from the final police report. Officer McGowan further testified that he included in his report that the results of a [Pennsylvania Justice Network] search showed Appellant as a registered owner of the vehicle. He admitted that Appellant's mother may be a co-owner. Officer McGowan later testified, at Appellant's jury trial, that he could not recall when exactly he tested the window tint.

---

[*] Former Justice specially assigned to the Superior Court.

Trial court opinion, 9/14/21 at 2 (citations to notes of testimony and footnotes omitted).

The relevant procedural history of this case, as gleaned from the trial court opinion, is as follows:

> On June 21, 2021, Appellant filed a Petition for Review of the Disapproval of his Private Criminal Complaint. In his private criminal complaint, Appellant alleged that Officer Chad McGowan, during a suppression hearing and a jury trial, committed perjury, made a false report to a law enforcement authority, tampered with or fabricated evidence, and made unsworn falsification to authorities. In a letter dated, May 18, 2021, Deputy District Attorney Colin Zwally stated that, after a review of the complaint, he concluded that criminal charges against Officer Chad McGowan would be inappropriate at that time. Thereafter on July 1[4], 2021, this Court issued an Order denying the petition and sustaining the disapproval of the complaint.

*Id.* at 1.

On July 28, 2021, Appellant filed a timely notice of appeal. On August 4, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on August 16, 2021, and the trial court filed its Rule 1925(a) opinion on September 14, 2021.

Appellant raises the following issue for our review:

> 1. Did the [t]rial [c]ourt abuse its discretion in sustaining the disapproval of the Dauphin County District Attorney's Office refusal to file Appellant's Private Criminal Complaint against [Officer] McGowan, which established more

than a ***prima facie*** showing, and without
making any attempt to investigate the evidence
presented in support of the [a]sserted charges?

Appellant's brief at 1 (edited for clarity).

Our standard of review of a trial court's decision to sustain a district

attorney's disapproval of a private criminal complaint is as follows:

> [W]hen the district attorney disapproves a private
> criminal complaint solely on the basis of legal
> conclusions, the trial court undertakes ***de
> novo*** review of the matter. Thereafter, the appellate
> court will review the trial court's decision for an error
> of law. As with all questions of law, the appellate
> standard of review is ***de novo*** and the appellate
> scope of review is plenary.
>
> . . . .
>
> [W]hen the district attorney disapproves a private
> criminal complaint on wholly policy considerations, or
> on a hybrid of legal and policy considerations, the trial
> court's standard of review of the district attorney's
> decision is abuse of discretion. This deferential
> standard recognizes the limitations on judicial power
> to interfere with the district attorney's discretion in
> these kinds of decisions.

***In re Ullman***, 995 A.2d 1207, 1213 (Pa.Super. 2010) (citations

omitted), ***appeal denied***, 20 A.3d 489 (Pa 2011).

This court has long recognized that "a private criminal complaint must

at the outset set forth a ***prima facie*** case of criminal conduct. Nevertheless,

a well-crafted private criminal complaint cannot be the end of the inquiry for

the prosecutor. The district attorney must investigate the allegations of a

properly drafted complaint to permit a proper decision on whether to approve

or disapprove the complaint." *In re Hamelly*, 200 A.3d 97, 101 (Pa.Super. 2018) (citations and internal quotation marks omitted), *appeal denied*, 216 A.3d 221 (Pa. 2019).

Furthermore,

> even if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*In re Miles*, 170 A.3d 530, 535 (Pa.Super. 2017) (citation omitted).

"The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset." *In re Ullman*, 995 A.2d at 1214 (citation omitted).

Private criminal complaints are governed by Rule 506 of the Pennsylvania Rules of Criminal Procedure, which provides, in relevant part, as follows:

**Rule 506. Approval of Private Complaints**

(A)     When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B)     If the attorney for the Commonwealth:

    (1)     approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

    (2)     disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A)-(B).

"If the [district attorney] disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review[,]" as is the case here. ***In re Priv. Crim. Complaints of Rafferty***, 969 A.2d 578, 581 (Pa.Super. 2009) (citation omitted).

> **The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one.** In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently

- 5 -

discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters.

*In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 215 (Pa.Super. 2005) (*en banc*) (citation omitted; emphasis added).

Instantly, the district attorney set forth the following reasons for disapproving Appellant's private criminal complaint:

First, as a matter of law, the facts alleged in the criminal complaints and affidavit are insufficient to support those criminal charges. Additionally, you failed to sign the criminal complaint. Also, you failed to include the magisterial district office where you intended to file your complaint.

As a matter of policy, I have determined that the public interest would not be served by pursuing this prosecution in this matter. As such, I have determined that the use of limited resources to support criminal prosecution would not be in the Commonwealth's best interest.

Trial court opinion, 9/14/21 at 3-4, quoting "Appellant's Petition for Review of the Disapproval of Private Criminal Complaint, Exhibit B."

The trial court found that Appellant failed to satisfy his burden that the district attorney abused his discretion in disapproving the private criminal complaint. The trial court noted that Appellant's petition failed to show how

the district attorney's determination that the facts were insufficient to support the criminal charges constituted an abuse of prosecutorial discretion. *Id.* at 5. The trial court reasoned that Appellant's petition merely includes blanket statements that the evidence he provided established a ***prima facie*** showing of criminal conduct and "fails to establish that the district attorney acted in bad faith, fraud, or unconstitutionality when disapproving the complaint." *Id.*

The trial court further noted that Appellant failed to sign the criminal complaint and failed to include the magisterial district office where he intended to file the complaint. The trial court reasoned that "[i]t is the petitioner's duty to make sure the relevant portions of his petition are completed correctly." *Id.*

Additionally, the trial court noted that the district attorney's investigation of the allegations led him to conclude "that the public interest would not be served by pursuing this prosecution in this matter." *Id.* at 5-6.

Here, the district attorney's decision to disapprove of Appellant's private criminal complaint was clearly a hybrid of legal and policy considerations. Therefore, the trial court's standard of review of the district attorney's decision was abuse of discretion. ***See In re Ullman***, 995 A.2d at 1213. Our appropriate standard of review of the trial court's decision is likewise an abuse of discretion. ***See In re Private Criminal Complaint of Wilson***, 879 A.2d at 215.

Applying the proper standard and scope of appellate review as enunciated in this case, and following our own independent review of the certified record, we conclude that Appellant failed to demonstrate an abuse of discretion by the trial court when it deferred to the district attorney's decision to disapprove of Appellant's private criminal complaint. Accordingly, we affirm the trial court's July 14, 2021 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022