J-S33025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: APPEAL OF DENIAL OF PRIVATE CRIMINAL COMPLAINT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ANTWAN L. RICHARDSON | : : : : : : | |
| | : | No. 1750 MDA 2023 |

Appeal from the Order Entered November 27, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-MD-0000462-2023

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM PER CURIAM:                    **FILED: OCTOBER 9, 2024**

Antwan L. Richardson appeals *pro se* from the trial court's denial of his petition for review of a private criminal complaint.  We affirm.

In January 2020, a jury convicted Richardson of kidnapping and false imprisonment.  On March 10, 2020, the trial court sentenced him to an aggregate term of ten to twenty years of imprisonment.  Richardson appealed. Among the issues Richardson raised was whether the trial court erred in denying his Rule 600 pretrial motion for nominal bail.[1]  Finding no merit to this claim, or any other issue, this Court affirmed his judgment of sentence on December 23, 2021.  ***Commonwealth v. Richardson***, 270 A.3d 1161 (Pa. Super. 2021) (non-precedential decision).  On June 27, 2022, our Supreme

---

[1] Pa.R.Crim.P. 600.

Court denied Richardson's petition for allowance of appeal. ***Commonwealth v. Richardson***, 281 A.3d 298 (Pa. 2022).

On February 5, 2023, Richardson filed a private criminal complaint against Stephen Libhart, Dauphin County's officer for Right-to-Know requests, ("Libhart"). In this complaint, Richardson accused Libhart of multiple state and federal criminal violations. The Dauphin County District Attorney denied the private criminal complaint. On April 5, 2023, Richardson filed a petition in the court of common pleas for review from the denial of the private criminal complaint. On May 5, 2023, the Commonwealth filed its reasons for denial of the private criminal complaint. The Commonwealth again responded on September 28, 2023, and Richardson filed a reply. The trial court held a hearing on November 9, 2023.

The trial court described the complaint as follows:

> In his Private Criminal Complaint, [Richardson] alleges that multiple documents he received from [Libhart] were fraudulent and/or forged because [Richardson] was not in the Courthouse on June 21, 2018. Additionally, he alleges that his docket sheet shows no hearing was held on June 21, 2018, that the Court was closed on that date due to an event in Mechanicsburg, and that a transcript and Judge's order were wholly fraudulent. He claims that all parties referenced in his exhibits, including [Libhart], the Sheriff's Office, the Common Pleas Court Judge, the Court Reporter, Sheriff's Deputies and Dauphin County Prison personnel, made up documents, forged documents and presented documents to [Richardson] for a sole corrupt purpose of denying his rights, including his rights under Rule 600.

Trial Court Opinion, 11/27/23, at 1-2.

By order entered November 27, 2023, the trial court affirmed the denial of the private criminal complaint. This appeal followed. Both Richardson and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Richardson raises four issues on appeal, which we reproduce verbatim:

1. Did Pennsylvania Office of Open records error in the denial on the Final determination?

2. Is the Dauphin County Sheriff Office interfering with [Richardson's] Due Process Rights?

3. [Are] the Sheriffs Office and Judge Deborah E. Curcillo conspiring together to interfere with [Richardson's] Appeal Right?

4. Is the Sheriff breaking Pennsylvania law by submitting forged documents?

Richardson's Brief at 3. We address these claims together.

Private criminal complaints are governed by Rule 506 of the Pennsylvania Rules of Criminal Procedure, which provides:

**Rule 506. Approval of Private Complaints**

(A)   When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B)   If the attorney for the Commonwealth:

(1)   approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2)   disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the

affiant. Thereafter, the affiant my petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

Our Supreme Court recently altered the standard by which the court of common pleas reviews the disapproval of private criminal complaints:

We hold that, when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private criminal complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision.

*In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023).[2] "[B]ad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest or corrupt purpose." *Id.*

Here, the district attorney provided the following reasons for denying Richardson's private criminal complaint:

1. In reviewing the private criminal complaint filed by [Richardson] against [Libhart], I examined the private criminal complaint and its attachments. I also did further investigation into the allegations. Specifically, I reviewed the Right-to-Know requests and responses referenced in the complaint.

2. Richardson seeks to charge [Libhart] with numerous [federal crimes]. This office and the state courts do not have jurisdiction over these federal offenses.

---

[2] Prior case law had established different standards depending on whether the disapproval was based upon legal conclusions, policy considerations, or a combination of the two. *See generally*, *In re Hamelly*, 200 A.3d 97 (Pa. Super. 2018).

3. Richardson seeks to charge [Libhart] with numerous state crimes including 18 Pa.C.S. §§ 4101, 4114, 4904, 4914, 5101, 5107, 5301, and 5306.

4. Some of these sections plainly do not apply to the facts alleged in the complaint. Section 4914 is the offense of false identification to law enforcement authorities. There is no allegation in the documents that [Libhart] gave a false name or other identifying information to a police officer. There is no Section 5306 in the Pennsylvania Criminal Code.

5. The other offenses, except for Section 5301, require [] proof that the person acted with intent. For instance, Section 4104 requires proof beyond a reasonable doubt that the offender acted with the intent to deceive or [injure] another person or to conceal a wrongdoing. Section 5301 requires proof that the offender acted knowing that his conduct was illegal. Based upon the facts in the documents I reviewed, I concluded that it is virtually certain that any reasonable jury would infer that [Libhart] did not act with a criminal *mens rea*.

6. [Richarson] claims that no court proceedings occurred in Dauphin County on June 21, 2018, because it was Jubilee Day. This is a misreading of the Sheriff's Daily Schedule. Jubilee Day is a street fair held annually in Mechanicsburg. The Sheriff detailed several deputies to provide security there. Court proceedings were not cancelled on account of Jubilee Day. Indeed, the prosecutor and [Richardson's] attorney appeared before Judge Curcillo in court on that date as shown by the transcript [Richardson] attached to his appeal.

7. A jury would be unlikely to credit [Richardson's] theory of the case. Richardson claims that [Libhart] participated in these offenses with Judge [Curcillo] of the Dauphin County Court of Common Pleas, her court reporter, and two sheriff's deputies. Notably, Judge Curcillo sentenced Richardson on the case at CP-22-CR-0000473-2018.

8. Proof at trial would require testimony from the affiant, [Richardson]. [Richarson] could potentially be subject to substantial impeachment as a witness. He would be subject to impeachment for bias and interest. He is serving a sentence of 10 to 20 years of imprisonment for kidnapping in connection with the case at CP-22-CR-0000473-2018, which is the subject of his Right-to-Know request. He has *crimen falsi*, including a juvenile adjudication for theft by unlawful taking in

Pennsylvania and a robbery conviction in Broward County, Florida. A jury would not likely credit his testimony in a case such as this. Prosecution and the use of necessary resources in connection with such prosecution would not be in the public interest.

Reasons of District Attorney Francis T. Chardo, 5/5/23, at 1-2 (unnumbered).

The trial court denied Richardson's petition for review based upon the following reasons:

The [trial court] finds that the documents provided by [Libhart] through the Right to Know requests were not fraudulent or forged. Additionally, the [trial court] finds that the transcript of June 21, 2018 before the Judge clearly shows an appearance by an Assistant District Attorney and [Richardson's] counsel was for the purpose of continuing the case to a later date to the benefit of [Richardson's] Counsel and [Richardson].

[The trial court] also finds that the decision to deny the private Criminal Complaint was a valid and appropriate response by the District Attorney based on the above facts and investigations. Additionally, the decision not to approve the Complaint based on [Richardson's] criminal history allowing for substantial impeachment for *crimen falsi* convictions and adjudications leaves [Richardson] in the position to lack any credibility.

[The trial court] also finds that [Richardson's] allegations of fraud and fraudulent documents, as attached to his proffered "proof," lacks all credibility. Therefore, [Richardson] here has failed in all respects to show that the District Attorney's disapproval decision amounted to bad faith, occurred due to fraud or was unconstitutional.

Based on the foregoing, [Richardson] has failed to present any factually-corroborated evidence to demonstrate that the District Attorney acted with a fraudulent, dishonest, or corrupt purpose in any way. Therefore, [Richardson] has failed to meet his burden required to overturn the District Attorney's denial of the private complaint[.]

Trial Court Opinion, 11/27/23, at 3-4 (italics added; footnote omitted).

"When the trial court's ruling on its review of the district attorney's disapproval is appealed to [the Superior] Court we are limited to ascertaining the propriety of the trial court's actions." **Commonwealth v. Nowakowski**, 315 A.3d 83 (Pa. Super. 2024) (non-precedential decision at *4) (citations and quotation marks omitted). "Thus, our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law." **Id.**

Here, our review of the record supports the trial court's conclusions; we discern neither an abuse of discretion nor an error of law. At the hearing on his petition for review, Richardson failed to present any evidence to support the allegations of his private complaint. Without such corroborations, the "evidence" Richardson presents in his exhibits attached to his complaint amount to no more than mere accusations.[3]

Finally, for the sake of clarity, we reproduce the one-page transcript of the June 21, 2018 proceedings:

> [DEPUTY DISTRICT ATTORNEY]: Your Honor, the Commonwealth calls it[s] case against [Richardson], Docket Number 473 CR 2018. [Richardson] is present represented by [defense counsel].

---

[3] Richardson has filed an application for extraordinary relief in which he contends that he did not receive a copy of the record and could not therefore verify its contents. Additionally, Richardson requests that this Court "appoint" this case to the Pennsylvania Attorney General's office due to the judicial corruption in Dauphin County. Given that we affirm the trial court's order affirming the disapproval of his private criminal complaint, we deny this motion as moot.

I just got word that the discovery that [defense counsel] requested is - - I will have it this afternoon. So I'll have a copy to [defense counsel] by this afternoon or tomorrow.

THE COURT: All right. So we will set this for - -

[DEFENSE COUNSEL]: We're requesting just to throw it into the August trial term.

THE COURT: - - August 13th. Time will run against [Richardson].

[DEPUTY DISTRICT ATTORNEY]: Thank you, Your Honor.

N.T., 6/21/18, at 1.

It appears the underlying basis for Richardson's private criminal complaint is the deputy district attorney's statement that he was present at the above proceedings. Even if that attorney misspoke, and Richardson was not really present, this fact does not affect the merit of any Rule 600 claim—Richardson's counsel agreed to the continuance to the August trial term.

In sum, our review of the record supports the trial court's conclusion that Richardson failed to meet his burden to overturn the Commonwealth's denial of his private criminal complaint.

Application for Extraordinary Relief denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/09/2024